IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICO D. CARTER, DZ-8633, )
    Petitioner, )
     )
    v. ) Civil Action No. 08-1284
     )
SUPT. LOCKETT, et al., )
    Respondents. )

MEMORANDUM AND ORDER

Mitchell, M.J.:

Rico D. Carter, and inmate at the State Correctional Institution at Greensburg has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Because the allegations contained in the petition are without merit, the petition will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied. An appropriate Order and Judgment shall be entered.

Carter is presently incarcerated serving a twenty-two and a half to forty-five year sentence imposed following his conviction by a jury of attempted homicide, aggravated assault, violation of the uniform firearms act and possession of an instrument of crime at No.CC 199902981 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] This sentence was imposed on August 5, 1999 and February 23, 2000.[2]

---

[1] See: Petition at ¶ 1-6..

[2] Petitioner was originally convicted of Aggravated Assault, violation of the uniform Firearms Act and Possessing Instrument of a Crime. The jury deadlocked on the charge of

1

Timely appeals were pursued and consolidated. In his appellate brief, the petitioner contended he was entitled to relief on the following grounds:

> I. The trial court erred in denying the defense motion to suppress. The Commonwealth failed to show probable cause to stop Mr. Carter. Additionally, the Commonwealth failed to show reasonable suspicion to warrant a valid Terry stop and search.
>
> II. The evidence was insufficient as to the charges of aggravated assault and criminal attempt homicide, as the Commonwealth did not prove all the requisite elements of the crimes.
>
> III. The verdict was against the weight of the evidence and trial counsel was ineffective in failing to preserve the issue.
>
> IV. The trial court erred in failing to grant the defense motion in limine as the evidence sought to be introduced by the Commonwealth was solely for the purpose of prejudicing the jury and that outweighed its probative value.
>
> V. The trial court erred in admitting the photos of the victim's injuries over the defense objection, as the photos were highly prejudicial and inflammatory.[3]

In a Memorandum filed on June 5, 2001, the Superior Court affirmed on all issues except petitioner's third claim, regarding counsel's ineffectiveness regarding the weight of the evidence issue, and remanded on this issue alone for further consideration.[4]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed on Carter's behalf in which the issue presented was:

> I. The decision of the panel of the Superior Court below is contrary to this Honorable Court's prior decision in Commonwealth v. Sierra, 555 Pa. 170, 723

---

attempted homicide. A second trial ensued on the latter charge, Carter was convicted and an additional sentence was imposed aggregating to the final sentence.

[3] See: Exhibit 17 to the answer of the Commonwealth.

[4] See: Exhibit 19 to the answer of the Commonwealth.

A.2d 644 (1999).[5]

On December 28, 2001, the petition for allowance of appeal was denied.[6]

On July 5, 2003, the petitioner's request for reinstatement of his appellate right on the weight of the evidence claim was granted.[7] Accordingly, an appeal was filed in which the sole issue presented was:

> Whether the trial court abused its discretion when it held that the verdicts in this matter was not against the weight of the evidence, and subsequently, denied the appellant's request for a new trial.[8]

On May 25, 2004, the Superior Court affirmed of sentence.[9]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which this same issue was presented for review.[10] On November 3, 2004, the petition for allowance of appeal was denied.[11]

Carter filed a timely post-conviction petition. That petition was denied on September 14, 2005.[12] A pro se appeal was filed in the Superior Court in which the issues presented were:

> I. Whether the P.C.R.A. Court erred when it permitted counsel to withdraw and subsequently dismissed Appellant's P.C.R.A. petition, where counsel, was

---

[5] See: Exhibit 22 to the answer of the Commonwealth.

[6] See: Exhibit 23, to the answer of the Commonwealth.

[7] See: Exhibit 27 to the answer of the Commonwealth.

[8] See: Exhibit 32 to the answer of the Commonwealth.

[9] See: Exhibit 33 to the answer of the Commonwealth.

[10] See: Exhibit 35 to the answer of the Commonwealth.

[11] See: Exhibit 36 to the answer of the Commonwealth.

[12] See: Exhibit 44 to the answer of the Commonwealth.

ineffective in failing to address issue raised in P.C.R.A. petition.

II. Whether the P.C.R.A. Court erred in denying appellant post-conviction relief without holding an evidentiary hearing on appellant's post-conviction claim of trial and appellate counsel's ineffectiveness, where the Court needed to determine, whether counsel's failure was an oversight or tactical decision and where P.C.R.A. Court had in its possession before denying post-conviction relief the names and addresses of witnesses who were willing and available to testify as to the character of appellant.[13]

On February 6, 2007, the denial of post-conviction relief was affirmed.[14]

An application for leave to appeal to the Pennsylvania Supreme Court was filed in which the issues presented were:

I. Whether the Superior Court erred in failing to remand this matter for the PCRA court to file an opinion reflecting its independent consideration of claim that trial counsel was ineffective.

II. Whether PCRA court erred in denying appellant post-conviction relief without holding an evidentiary hearing when appellant raised arguable claim of trial counsel's ineffectiveness, in failing to call character witnesses, and where appellant's pro se PCRA included Singerd certification and five (5) affidavits from such witnesses.[15]

On October 18, 2007, leave to appeal was denied.[16]

The instant petition was executed on September 11, 2008, and in it Carter contends he is entitled to relief on the following grounds:

1. Petitioner was denied his Fourth Amendment right to be free [from] unreasonable search and seizure. Trial [court] erred in failing to grant motion to suppress [based on a lack of probable cause to justify a Terry search].

---

[13] See: Exhibit 51 to the answer of the Commonwealth.

[14] See: Exhibit 52 to the answer of the Commonwealth.

[15] See: Exhibit 54 to the answer of the Commonwealth.

[16] See: Exhibit 55 to the answer of the Commonwealth.

4

2. Petitioner was denied his Sixth Amendment right to effective assistance of counsel [by counsel's failure to call character witnesses based on counsel's belief that by doing so the petitioner's prior homicide charge would become known to the jury].[17]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413

---

[17] See: Petition at ¶ 12.

(2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application" clauses have independent meaning.

In the instant case, the Commonwealth concedes that the petition has been timely filed [18] and that the petitioner has exhausted the available state court remedies on the issues he seeks to present here.[19]

---

[18] See: Answer at p.16.

[19] See: Id. at p.22.

The factual background to this litigation is set forth in the May 25, 2004 Memorandum of the Superior Court:

> The evidence presented at trial established that on January 17, 1999, a drive-by shooting occurred outside of [Carter's] mother's residence... Officer Louie Zelepos, in his capacity as a part-time police officer in Munhall, Pennsylvania, responded to the scene. [Officer Zelepos learned that the drive-by shooters had shot at Appellant as he entered the home. Appellant returned fire but no persons were injured. Officer Zelepos searched for evidence near a white Grand Prix with a maroon top which was described as Appellant's and parked across the street from his mother's home]. The next night, while working in his capacity as a part-time police officer in Braddock, Pennsylvania, Officer Zelepos noticed a white Pontiac Grand Prix with a maroon top and low profile tries in the 200 block of Braddock Avenue. Officer Zelepos recognized the vehicle as that of [Appellant] from the previous night's incident. Officer Zelepos and his partner, Officer Berta, turned their patrol car around and began to follow the white Pontiac. The officers attempted to run the plate, but received no response.
>
> Eventually, the Pontiac stopped on Talbot Avenue in Braddock. Officer Zelepos stopped behind the car and activated the flashing lights. At that point, [Appellant] got out of this car, approached the passenger side of the police car and asked if there was a problem. Officer Zelepos asked to see [Appellant's] driver's license and then asked [Appellant] to return to the car. After receiving a report from the police dispatcher that the white Pontiac being driven by [Appellant] was registered to Mr. Howell of 3rd Street in Rankin, both officers approached the vehicle. Officer Zelepos then asked [Appellant] to get out of the car. Upon exiting the vehicle, [Appellant] became somewhat agitated, causing Officer Zelepos to put his hand on [Appellant's] chest. Based upon his personal experience, Officer Zelepos realized that [Appellant] was wearing a bullet-proof vest under his clothing. Officer Zelepos then put [Appellant] up against the car. Once [Appellant] was facing the car, Officer Berta notice a gun in [Appellant's] pocket. Officer Berta reached for the gun, but [Appellant] began to struggle and was able to wrestle the gun away from him. In his attempt to disarm [Appellant], Officer Zelepos slipped and fell on some ice on the roadway. When he looked up from the ground, [Appellant] pointed the gun at him and shot him in the head. [Appellant] then fled, but left his driver's license at the scene.[20]

In his first argument here, Carter contends that as a result of an improper stop of his vehicle evidence was secured which resulted in his conviction. In Stone v. Powell, 428 U.S. 465,

---

[20] See: Exhibit 33 to the answer of the Commonwealth at pp.1-2.

494 (1976), the Court held:

> [W]here the State has provided a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial.

In the present case, prior to trial, defense counsel alleged that "the detention/arrest and search/frisk of the Defendant was unlawful and unconstitutional... and therefore it is clear that all items seized from the Defendant and/or his vehicle must be suppressed."[21] Following a suppression hearing, the trial court concluded:

> As the defendant got out of the car, Officer Zelepos asked if he had any guns or weapons on himself. The defendant angrily got in Officer Zelepos' face and asked "why are you asking that, why do you want to search me?" Officer Zelepos put his hand out and touched the defendant's chest where he felt a bullet proof vest under his clothes. The defendant was told to turn around to get up against the car. As he did so, Officer Berta, who was standing next to Officer Zelepos, saw the butt of a gun sticking out of the defendant's right pocket and Officer Berta grabbed for the gun. The defendant and Berta struggled for the gun while Office Zelepos pushed the defendant from the back and ordered him to stop. When the defendant was pushed up against the car, Officer Berta lost his grip on the gun and Officer Zelepos saw that they were tussling over a gun. Officer Berta ran to safety while Officer Zelepos began to struggle with the defendant for the gun. Officer Zelepos lost his footing ... and fell on the ground... when he looked up to see the defendant shoot him in the head.[22]

Because the petitioner was provided with a full and fail opportunity to litigate the suppression matter, he is not entitled to relief here on this issue.

The other issue which the petitioner raises here is whether he was denied the effective assistance of counsel as a result of trial counsel's failure to call character witnesses to testify of Carter's behalf.

---

[21] See: Exhibit 2 to the answer of the Commonwealth.

[22] See: Exhibit 11 to the answer of the Commonwealth at p.4.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Dooley v. Petsock, 816 F.2d 885, 889 (3d Cir. 1987), cert. denied, 484 U.S. 863 (1987). As a result, if a petitioner fails on either prong, he loses. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.")(citation omitted); Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) ("This court may address the performance and prejudice components in any order, but need not address both if Mr. Foster fails to make a sufficient showing of one.")

In affirming the denial of post-conviction relief, the Superior Court stated:

While appellant devotes a substantial portion of his appellate brief to challenging

9

PCRA counsel's alternate reasoning for concluding that the ineffective assistance claim was without merit, appellant ignores the reality of his putative witnesses' supporting affidavits and merely speculates that had PCRA counsel contacted the putative witnesses directly, they could have testified as to appellant's reputation in the community as a whole. The fact is, however, there is absolutely no evidence of record to suggest that any of the file proposed witnesses actually knew of appellant's reputation within the community. Thus, we agree with counsel's conclusion that this claim lacked merit...

Additionally, the PCRA court conducted a thorough independent review of the record and concurred with counsel's assessment that appellant's claims were without merit ... As the PCRA court accurately noted ... appellant repeatedly has failed to disclose any evidence to support his bare claim that the PCRA court abdicated its duty to conduct an independent review prior to accepting counsel's no-merit letter... As appellant still has not remedied this evidentiary shortcoming, this challenge also fails...[23]

Because this conclusion is entitled to a presumption of correctness, 28 U.S.C. 2254(e)(1), and there is nothing in the record to suggest that it involved an unreasonable application of Supreme Court law, this claim does not provide a basis for relief.

Accordingly, because the petition is without merit, the petition of Rico D. Carter for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied. An appropriate Order and Judgment shall be entered.[24]

---

[23] See: Exhibit 52 to the answer of the Commonwealth at pp.7-8.

[24] We note that the petitioner has also requested a evidentiary hearing before this Court, however, pursuant to 28 U.S.C. 2254 (e)(2) there is no basis for conducting this hearing.

ORDER

AND NOW, this 26th day of November, 2008, for the reasons set forth in the foregoing Memorandum, the petition of Rico D. Carter for a writ of habeas corpus is dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

                                              s/ Robert C. Mitchell
                                              United States Magistrate Judge